**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-43-DLB**

**DURRELL FORTSON**                                                                          **PETITIONER**

**VS.**                              **MEMORANDUM OPINION AND ORDER**

**WARDEN CHRISTOPHER ENTZEL**                                          **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Durrell Fortson is incarcerated at the Federal Correctional Institution in Ashland, Kentucky.  Proceeding without a lawyer, Fortson previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claimed that the Federal Bureau of Prisons (BOP) was improperly calculating his release date.  *See Fortson v. Entzel*, No. 0:24-cv-127-DLB, at Doc. # 1 (E.D. Ky. Dec. 30, 2024).  This Court, however, dismissed Fortson's petition without prejudice, explaining that he did not satisfy the Court's filing fee-related requirement, failed to provide sufficient information regarding how the BOP calculated his credits under the First Step Act (i.e., the issue at hand), and made no effort to exhaust his administrative remedies, as generally required.  *See id.* at Doc. # 4.

A few months later, in a filing dated March 5, 2025, Fortson asked this Court to reconsider its decision.  *See id.* at Doc. # 9.  Among other things, Fortson noted that he cured the fee-related deficiency by paying the $5.00 filing fee in this case.  *See id.* at 1. Fortson also argued that "[a]lthough administrative exhaustion is typically required for §

1

2241 petitions, exhaustion should be excused here because pursuing administrative remedies would be futile." *See id.* at Doc. # 9-1 at 7.

The Court reviewed Forton's motion but denied his request for relief. *See id.* at Doc. # 10. While the Court did receive Fortson's filing fee, *see id.* at Doc. # 6, it explained that his request for reconsideration was nevertheless unavailing because he had made no effort to exhaust his claims and failed to adequately set forth the factual and legal bases for his petition. *See id.* at Doc. # 10. The Court, however, noted that Fortson could file a new habeas petition after he exhausted his administrative remedies. *See id.*

Shortly after the Court entered its Order, Fortson initiated this civil action—Case No. 0:25-cv-043-DLB—by filing another § 2241 habeas petition. (*See* Doc. # 1). However, the Court has conducted an initial screening of that petition pursuant to 28 U.S.C. § 2243 and will deny it without prejudice because it remains plainly apparent from the face of Fortson's submissions that he has not yet fully exhausted his administrative remedies, as required. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form

to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent from Fortson's submissions that he has not yet completed each of the foregoing steps to fully exhaust his administrative remedies. Fortson continues to argue that exhausting his administrative remedies would be "futile in this matter" and thus suggests the Court should simply excuse his failure to exhaust. (Doc. # 1 at 6).  Fortson, however, fails to correctly identify legal authority that would allow him to bypass the administrative grievance process and immediately proceed with his § 2241 petition.   Ultimately, in this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of his submissions, sua sponte dismissal is appropriate.  *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, it is **ORDERED** that:

(1)     Fortson's latest petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice.  Forston may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3)     The Court will enter a corresponding Judgment.

This 18th day of April, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Fortson 0-25-043 Memorandum.docx